

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00071-CR

_____

MARTY ALLEN GROUNDS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 4th District Court
Rusk County, Texas
Trial Court No. CR20-209

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

A Rusk County jury convicted Marty Allen Grounds of assault of a pregnant person, a third-degree felony, and assessed a sentence of four years' imprisonment. *See* Act of May 21, 2019, 86th Leg., R.S., ch. 751, § 1, 2019 Tex. Gen Laws 2065, 2065–66 (amended 2021) (current version at TEX. PENAL CODE ANN. § 22.01(b)(8)). By doing so, the jury found that Grounds knew that his victim, Pauline Francis Hightower, was pregnant at the time of the offense. Even so, Grounds argues on appeal that the evidence is legally insufficient to establish that Hightower was pregnant.[1] We affirm the trial court's judgment.

## I.     Factual and Procedural Background

At trial, Hightower testified that her father, Grounds, had visited her place of employment, a Family Dollar store, on the day before the incident because "he had heard . . . that [Hightower] was pregnant." Hightower said that she confirmed her pregnancy with Grounds and that there was "no tension [between the two] because of the pregnancy."

On the next day, Grounds came to the Family Dollar during Hightower's night shift and started a conversation with her while she was in her car during a lunch break. Hightower said that the conversation became heated over Grounds's treatment of her brother. Hightower testified that Grounds "slammed [her] into [her] steering wheel," that she felt her head, chest, and stomach hit the steering wheel, and that "it hurt, but it scared [her] more because of [her] child."

---

[1]In his brief, Grounds asserts that the evidence was both legally and factually insufficient. In *Brooks v. State*, the Texas Court of Criminal Appeals found "no meaningful distinction between the *Jackson v. Virginia*[, 443 U.S. 307 (1979)], legal-sufficiency standard and the *Clewis* [*v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996),] factual-sufficiency standard, and these two standards have become indistinguishable." *Brooks v. State*, 323 S.W.3d 893, 902 (Tex. Crim. App. 2010). Accordingly, we no longer perform factual sufficiency reviews. *See Hutchings v. State*, 333 S.W.3d 917, 919 n.2 (Tex. App.—Texarkana 2011, pet. ref'd).

Hightower testified that she had a rush of adrenaline, was "mad because of [her] child," and exited the vehicle "because [Grounds] put [her] child in danger." Hightower called 9-1-1, and the recording that accused Grounds of hurting her was played for the jury. Hightower testified that EMS "took [her] to check on the baby" and that medical providers attempted to hear the baby's heartbeat, could not do so, but determined that she was seven weeks pregnant. Hightower cried while she testified and stated that she had a miscarriage between the ninth and twelfth week of her pregnancy.

Kevin Bisnette, a patrol officer with the Rusk County Sheriff's Department, testified that he responded to Hightower's 9-1-1 call. When he arrived at the Family Dollar, Bisnette saw that Hightower "was crying and seemed pretty distraught" and reported that she had been assaulted by Grounds, who had left the scene. Bisnette noted that Hightower had swelling on her forehead and bottom lip, and he photographed her injuries. According to Bisnette, Hightower said that Grounds "had reached through the driver's side window of the vehicle and slammed her head down onto the steering wheel, which caused her pain." When he asked if she needed medical attention, Hightower "[s]aid she did due to her being pregnant" and expressed concern about her pregnancy.

A video recording of the incident, which was taken from the Family Dollar parking lot, was shown to the jury. Due to the angle of the vehicle, the jury was able to see Grounds's hand enter the driver's side door of Hightower's vehicle. While it seemed that Grounds forcefully pushed Hightower's head, the contact between Grounds's hand and Hightower's body was not clearly shown.

3

Testifying in his defense, Grounds denied hitting Hightower or slamming her head into the steering wheel and told the jury she was making up the accusation because he "cut her money off." Grounds agreed that he had a conversation with Hightower at the Family Dollar on the day before the incident and said that "she wanted to know [if he knew] she was pregnant." Grounds also admitted that he told Hightower he was aware of her pregnancy. After hearing this evidence, the jury convicted Grounds of assault of a pregnant person.

## II.     Standard of Review

On appeal, Grounds challenges the sufficiency of the evidence supporting the jury's verdict. "In evaluating legal sufficiency, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt." *Williamson v. State*, 589 S.W.3d 292, 297 (Tex. App.—Texarkana 2019, pet. ref'd) (citing *Brooks*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd)). "Our rigorous [legal sufficiency] review focuses on the quality of the evidence presented." *Id.* (citing *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring)). "We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury 'to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Id.* (quoting *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007))).

4

"Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge." *Id.* (quoting *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). "The 'hypothetically correct' jury charge is 'one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.'" *Id.* (quoting *Malik*, 953 S.W.2d at 240).

Here, the State alleged that Grounds "intentionally, knowingly, and recklessly cause[d] bodily injury to Pauline Francis Hightower, . . . who the defendant knew was pregnant at the time of the offense, and the defendant committed the offense by slamming the complainant's head against a steering wheel of a motor-vehicle." On appeal, Grounds does not challenge the assaultive conduct and, therefore, concedes that the jury's findings that "contact occurred and . . . Hightower's face . . . hit the steering wheel" were supported by legally sufficient evidence. Instead, he argues that the evidence was not sufficient to show that Hightower was pregnant.

## III. Legally Sufficient Evidence Supports Grounds's Conviction

Grounds argues that the evidence was insufficient to show that Hightower was pregnant because the State failed to produce "blood tests, exams, and/or testimony from a medical doctor or any other healthcare professional." Nevertheless, Hightower testified that she was pregnant, and Grounds admitted that he had knowledge of her pregnancy before the assault. Bisnette testified that, after the assault, Hightower expressed concerns for her pregnancy and was transported by ambulance to the hospital. According to Hightower, medical providers confirmed that she was seven weeks pregnant at the time of the assault. The jury was free to conclude that

5

the testimony about Hightower's pregnancy was credible. Viewing the evidence in the light most favorable to the jury's finding, we conclude that a rational jury could have found that the testimony established, beyond a reasonable doubt, that Hightower was pregnant at the time of the offense. As a result, we conclude that legally sufficient evidence supported the jury's finding that Grounds had assaulted a pregnant person. Consequently, we overrule Grounds's sole issue on appeal.

## IV. Conclusion

We affirm the trial court's judgment.

Ralph K. Burgess
Justice

Date Submitted:     December 13, 2021
Date Decided:       January 4, 2022

Do Not Publish

6